Good morning, Your Honors. May it please the Court, Kimberly Sandberg on behalf of Marvin Mosby, I would like to reserve two minutes for rebuttal. Your Honors, Mosby was entitled to equitable tolling. The district court down below should have granted equitable tolling and should have heard the merits of… A timely petition. He submitted a timely petition that was incorrectly dismissed by the district court. So why are we getting into equitable tolling? Under Carhasso v. Ayers, this Court's precedent, an incorrect dismissal of a timely petition, pro se petition, is an extraordinary event that justifies equitable tolling. Why don't we just say the original petition was okay? I don't believe that, because this is not a direct appeal of that first order dismissing that petition. I don't believe that this Court has just… Well, there was a fourth petition or a third petition filed by counsel, correct? There was a third petition filed pro se and a fourth amended petition filed by counsel. That third pro se petition was deemed untimely, and counsel asked for equitable tolling back to the dismissal of the first petition, because that dismissal was incorrect. So which is the dismissal is from which pleading? The dismissal is from the third? The third. The third. The appeal is from the third petition. The appeal is from the third. The dismissal is from the third. Now, what says to me what you're saying is the equitable tolling is they should have taken the first petition. Correct. Correct. We certainly welcome this Court to find that he could just reverse the order of the dismissal of the first petition, but we are here on the dismissal of the third petition. And so given that Mosby… Did the district court order him to file the third petition? The district court ordered him to file a petition on the local forum, and when he didn't, the district court dismissed that petition. Mosby then filed a second petition, which was at that time untimely, on the local forum. That was dismissed outright because he failed to file an IFP with that. He was not given any opportunity to amend or any opportunity to file an IFP. Finally, his third filing, which was approximately 72 days late, was accepted by the court, and at that time, eventually it was dismissed for untimeliness. Well, if the first petition was filed improperly, why can't you just say that the third petition just relates back? I welcome that Court's ruling. Certainly, the third petition does relate back. Mr. Mosby actually asked the district court to consider his petition as relating back to the first petition, and so really it's clear in his mind he considers this series of petitions as all relating back to that first correctly filed timely petition. There was a substantive difference, though, wasn't there? Some of what was in the third petition was the same as in the first petition, even if not cast exactly the same way, but some was different. I'm sorry, Your Honor, I just want to clarify your question. What was in the third? Were there accounts in the third petition that don't have a parallel in the first petition? Yes. They are certainly not exactly the same, the first and the third petition. But all of the claims in the amended petition that we are asking, the two claims in the amended petition were in both the first and the third petition. Right. You can always clean up the third petition. I'm sorry? You can — he could later — the district court could later require him to file a clean petition. Correct. So does your current argument depend upon the first petition having been wrongly dismissed to begin with? Yes. All right. So you want to tell us why? Why it was wrongly dismissed? Yes. Yes. So Mosby's first petition was substantively compliant in every way. It stated clear claims for relief. It stated the factual basis for those claims. And most importantly, it really did everything that a petition is supposed to do. It alerted the court and the state in a timely fashion that Mosby was going to seek federal post-conviction relief, and it alerted them to the claims he would be raising. It alerted them to the factual basis for those claims. So the petition really served all of the objectives of a petition. And so it never should have been dismissed. Now, the district court dismissed it simply because it was not written on the record. The district court knows, as Your Honors know, pro se petitioners are not to be treated in that fashion. They are to be given some leeway. Their pleadings are to be liberally construed, and form is never to be elevated above substance when dealing with a pro se petitioner. He simply could not be held to the same standards as an attorney. Kagan. Also, do you understand this is not directly relevant, but the Federal Governing Rule says the petition must substantially follow either the form appended to these rules or a form prescribed by the local district rule. Now, does that mean he can do either one? Yes. So the habeas rules under 2D require that the petition substantially follow the Federal form or the local form. So if the local form's local rule insists that you have to use the local one, it's inconsistent with the Federal rule. Correct. It's inconsistent. And so the habeas rules trump the local rules when there's an inconsistent one. He didn't use either one. He used the State form. Correct. Correct. And so really, I think it's instructive to look at 2D. 2D clearly inserts into it some flexibility. The language, substantially follow the form, is clear. It doesn't say absolutely it has to be on the local form. It says substantially follow. And that's because pro se petitioners are to be granted some flexibility. And Mosby's petition substantially followed the Federal form or the local form. There's nothing in there's there would have been no difference in his petition had he written it on the local form. And so it should not have been dismissed. It was an incorrect dismissal. Now under Corajaso, an incorrect dismissal is an extraordinary event justifying equitable tolling. And because Mosby was diligent, he should be granted equitable tolling by this court and the merits of his claim should be heard. I would just like to point out to this Court that Mosby is serving life without parole for a nonviolent property crime for stealing a camera. And his ability to have the merits of his claims reviewed by a Federal court should not be thwarted because he did not write the words of his petition on the local form. And I would like to reserve the rest of my time unless Your Honors have additional questions. Good morning, Your Honors, and may it please the Court. My name is Jessica Perlich, and I am appearing on behalf of the Respondent Appellees. Your Honors, this case is not about Mr. Mosby using the wrong form. Rather, this case is about Mr. Mosby disregarding two very clear court orders. The Court, in its first order of October ---- But if the orders were improper, why are we going to ignore the fact that his first ---- if his first filing should have been accepted, then are we going to find that he can't go forward? And he was ---- I mean, every time he was told to file something else, he might have filed not what he was told to file, but he did it pretty quickly. So, yeah, he didn't ---- I mean, he was in prison, and finding the right form has made him not so easy. He might have thought when he filed the second one that the ---- that one, as I recall, was rejected because he didn't file the informer porpoise, but he had filed an informer porpoise the first time, so he might have thought that was adequate and he needed to do it again. All in all, he was pretty diligent, and if the form ---- so doesn't everything turn on whether the first dismissal was correct? I would agree that everything does turn on whether the first dismissal is correct. However, I don't ---- I would argue that the first dismissal was not incorrect. What occurred is that Mr. Mosby used a State form in order to file. Now, what? I mean, the Federal rules say he has to substantially follow either the Federal form or the local form. And if the piece of paper that he filed, on whatever form it was, had the information that was required by either the Federal or the State form, isn't that good enough? It would have been good enough had the State form actually contained all of the information required by the Federal. Okay. What did it contain? What was missing? What essential information was missing? The primary central information that is missing from the State form. The State form does not require statements of exhaustion. The State inventory ---- But he did put in and did ask what other he had ---- what else he had filed, and he did say, so the information was there. The information was not complete, though. The State ---- Well, that's a different ---- Your Honor, the Federal form does require not only a statement of whether you raised an issue in your appeal. It asks whether it was the direct appeal, whether it was your first petition, whether it was your second petition, whether you were granted an evidentiary hearing, whether you raised that issue on appeal after the denial at the State court level. There are a lot of factors that go into the form that is prescribed by the rule of government. What substantively was missing? I'm sorry? What substantively was missing from the State court form that Mosby filed? He may not have framed it as exhaustion, but what were the factual ingredients that were missing that would have disabled the Federal District Court from determining whether there in fact was exhaustion under the Federal standards? What Mr. Mosby said in his first petition was grounds 1 through 4 were raised to the Nevada Supreme Court. The rest were not. There was no discussion of whether the court had given him an evidentiary hearing. There was no discussion on whether he had raised those issues on appeal. The content ---- Well, if you raised them in front of the Nevada Supreme Court, isn't that raising it on appeal? I apologize, Your Honor. Let me clarify that. If he raised it during his State postconviction, whether he also raised the same issue on appeal. That's actually what I meant to say. This Court has recognized and ---- The question on the State form was how has any ground being raised in this petition been previously presented to this or any other court by way of petition for habeas corpus motion application or any other postconviction proceeding? So that's quite specific, right? And he said that he ---- So when he said Supreme Court of Nevada, it had to be with regard to a habeas corpus motion application or other postconviction proceeding, right? And then he talked about, and there's another question about appeals. If you did appeal, answer the following. He talked about what he appealed. He talked about what happened at the appeal. So what's not there? So there's one question about appeals. There's another question about postconviction. He answered both of them quite specifically. Well, the other thing that is not there is factual development of his claims. The Federal Court of Nevada has not yet been able to identify the specific Federal constitutional amendments under which they're being ---- under which they're challenging their conviction. And that's simply not present in Grounds 4 through 12. However ---- All right. Well, then he won't be able to litigate Grounds 4 through 12. But, I mean, this is ---- Prisoners don't fill out the Federal forms perfectly, to put it mildly. Well, I would agree with that. And this one's pretty complete? I would agree that the prisoners tend not to fill them out completely. However, what we should consider is the totality of what happened in this particular situation. Mr. Mosby, upon receiving the Court's order of October 15th, on the record at 270, sent a letter to the Court explaining to the Court, I am letting the clerk know my petition will be within the time. Essentially, he alerted the Court that he understood his obligation, he accepted his obligation, and said he would be resubmitting the form. And then what did he do the second time? He filled out the right form, but he didn't file the informed purpose. Is that right? Well, actually, during what we refer to as Mosby 1, that very first petition, he never filled out the correct form. He received the order on October 15th. I understand that. But then he never filled out the correct form? Not until Mosby 2, which he filed after the statute of limitations. Mosby 2 was after the statute of limitations had expired? Yes, Your Honor. That depends on when we think he filed the first one? No, it would not. Under Duncan v. Walker, the filing of the first petition would not have told his time under his AEDPA statute of limitations. So, in fact, his date of finality is March 1, 2013. His AEDPA statute of limitations expiration date was March 3, 2014. He filed Mosby 2 on March 23, 2014, which was 20 days after the expiration. This is despite the federal court, the district court in Mosby 1 issuing its order dismissing the petition on February 6, 25 days before the AEDPA statute of limitations expired. Yes, but the federal court itself used up several of his months, basically. Your Honor, under this Court's precedent, typically, under Fale v. Hubbard, ordinary delays in the judicial system are not extraordinary. They're not extraordinary to warrant equitable tolling. I believe what happened here is not a situation in which equitable tolling is available. It's supposed to be an extraordinary circumstance. And in this case, this is not an extraordinary circumstance. Mr. Mosby received the forms that he was supposed to complete. He failed to comply with the Court's request for additional time. What would actually occur if we allowed Mr. Mosby to have equitable tolling all the way back to his first petition is we are saying that an inmate or a petitioner who receives a clear order from the Court, additional time to comply with that order and still fails to do so can be rewarded for noncompliance. But he actually had a total of about a month to comply from the time that she actually dismissed it. Yes, Your Honor. But as you pointed — as Your Honor pointed out earlier, he was fairly quick in responding to orders. So it's this specific — in this specific instance, he was noncompliant. And it's unknown why he would have failed to comply with the Court's order. He actually received not only additional time. He had until — under the Court's second order, he had until December 9th to file the amended petition. His case didn't get dismissed until February 6th. If we determined that the first petition was okay, it shouldn't have been dismissed, why can't — why doesn't the Relation Back Doctrine apply? Your Honor, we would — we would concede that Ground — that Ground 1 of the third — of the amended petition in Mosby 3 would relate back only if the first petition is a viable petition. But because our position is that it's not — Understood. The situation — But at that juncture, I mean, all we would have to decide is that there's at least something in the — if we thought the first petition shouldn't have been dismissed and, therefore, there's a relation back of at least one claim, that's really all we need to do. We can fight it out later about what else might be there. Yes, Your Honor. I would say, though, that what the Court should look at is the fact that Mr. Mosby was being held to the same standard as other pro se petitioners. He was required to file — But it seems to be an incorrect standard. In other words, it doesn't appear that the District of Nevada has any authority to insist that they use their local form. They just don't. First of all, they can certainly use the Federal form. So by telling them they had to use the local form, that was wrong. And second of all, the Federal rule is quite clear that it has to substantially follow the form. It doesn't have to use the form. But those — I don't believe that those two — that those two positions are in opposition to one another. By requiring the use of the form, it's ensuring that the petitioner will be — Do you think the local rule is correct, that they can insist that he has to use this form? I think in this situation, the district court correctly used Rule 4 to review the petition, determined that it was insufficient based on what the Federal — the Federal form requires. But that's not what she said. She said it's on the wrong form. You have to use our local form. Did she look to see whether it actually was sufficient, or did she just say it's not on our local form? The order was that it was insufficient, but the dismissal was for failing to comply with the court's orders to resubmit. And with — On the local form. Yes, Your Honor. My time is up. Okay. But she had no right to do. I'm sorry? She didn't have authority to insist that he use the local form. The — may I continue? I'm sorry. My time is up. Answer. The court — the rules governing 2254 cases provides authority to the court to review the petitions when they come in to ascertain whether there are any constitutional violations or viable claims. The court did its duty under that — under that mandate, requested that the petitioner file the amended form, and he simply failed to comply with two court orders. And Judge Berzon's question is, was the district judge entitled to demand that Mosby use the District of Nevada form? In order to ensure compliance with what the 2254-2D requires, I believe he was. Okay. Thank you, Your Honor. Thank you. It's time for rebuttal. Your Honor, I'd like to raise two points. The first is the State brought up Rule 4. Rule 4 is only a valid reason for dismissal if it plainly appears from the petition that the petitioner is not entitled to relief. That certainly is not the case here. Again, Mosby raised claims, viable claims, and clearly stated the factual basis for those claims. So Rule 4 dismissal is totally inappropriate in this case. And the second point that I would like to bring up is that I believe in determining whether the district court was permitted to dismiss this petition because it was not on the correct form. Well, Ross v. Williams, which is a decision from this Court, is instructive on that point. Ross v. Williams goes through a nice analysis of the purpose of Rule 2. And the purpose of Rule 2 is twofold. One, it was to help the Court because prior to Rule 2 being enacted, the Court would often receive, as the Court says in Ross, this Court would often, or district courts would often receive petitions that were lengthy, illegible, and only stated mere conclusions of law. And so the form was created to help that, to end that practice. The form was also created to help pro se petitioners articulate their claims better. It was not created to justify the incorrect dismissal of petitions written by pro se petitioners. And in this case, Mosby's claims were articulated. The fact that it was on a different form doesn't change anything. Literally, if the words from his first petition were transposed onto the local form, it would not have been dismissed. And that is clearly a technicality and that is not a proper reason to dismiss a pleading from a pro se litigant. And if Your Honors have any other questions, I'd be happy to answer them. Thank you. Roberts. Thank you. Thank you, counsel. We appreciate your arguments this morning. And cases submitted at this time.
judges: Paez, Berzon, Feinerman